Honorable Gary Garrison Ector County Attorney Ector County Courthouse Rm. 223 Odessa, Texas 79761
Re: Authority of a commissioners court to direct the county auditor to set up a separate bank account (RQ-1366)
Dear Mr. Garrison:
You ask whether the commissioners court of Ector County is empowered to order a separate bank account to be established for the "Ector County Airport Fund," created pursuant to article 46d-11, V.T.C.S., a provision of the Municipal Airports Act. In our opinion, the commissioners court of Ector County may order the establishment of a separate bank account for the airport fund.
Article 46d-11 V.T.C.S. provides:
 The revenues obtained by a municipality from the ownership, control or operation of any airport or air navigation facility, including proceeds from the sale of any airport or portion thereof or air navigation facility property, shall be deposited in a special fund to be designated the `___ Airport Fund,' which revenues shall be appropriated solely to, and used by the municipality for, the purposes authorized by this Act.
The county auditor's authority with respect to the maintenance of county funds, in counties under 190,000 population such as Ector County, is provided for in section 112.001 of the Local Government Code:
 In a county with a population of less than 190,000, the county auditor may adopt and enforce regulations, not inconsistent with law or with a rule adopted under Section 112.003, that the auditor considers necessary for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county.
We believe, however, that the authority given the commissioners court in section 113.004 regarding county accounts and chapter 116 of the Local Government Code regarding depositories for county funds implies that the commissioners court has authority to determine the physical location and manner of segregation of county funds such as the county airport fund created pursuant to article 46d-11.
Section 113.004 of the Local Government Code provides that the treasurer shall divide funds received into certain classes, but subsection (c) of the section provides that "[t]he commissioners court, as it considers proper, may require other accounts to be kept, creating other classes of funds." Section 116.021(a) authorizes the commissioners court to contract with one or more banks in the county for the deposit of county funds. Section 116.111 authorizes the commissioners court to "determine and designate the character and amount of county funds that will be demand deposits and that will be time deposits."
It is our opinion that the authority of the commissioners court to create classes of funds, to select county depositories, and to require separate accounts to be kept includes the authority to require a separate bank account to be established for the airport fund, as long as all applicable legal requirements are met.
We feel it appropriate to note that we are not unmindful of the continuing legal uncertainty as to the scope of the County Auditor's authority relative to that of other county officers. See, e.g., Attorney General Opinion JM-911 (1988). Nevertheless, we here conclude from a review of the statutes relevant to the issue you present that the commissioners court is authorized to order a separate bank account established for the airport fund created pursuant to V.T.C.S. article 46d-11.
You also ask whether maintenance of a "separate account" under the general county accounting system satisfies the requirement of V.T.C.S. article 46d-11 that the revenues from the municipal airport "be deposited in a special fund."
We do not conclude here that the deposit of the funds in a separate bank account is required by article 46d-11, only that the commissioners court has the authority to require the funds to be segregated in such manner. But different county funds may be placed in a single bank account if proper accounting procedures are adopted to insure the funds are utilized for the correct purposes. Attorney General Opinion H-1254 (1978). See also Attorney General Opinion M-975 (1971).
 SUMMARY
The commissioners court of Ector County is authorized to order a separate bank account established for the airport fund created pursuant to V.T.C.S. article 46d-11. Establishment of a separate bank account for the special fund is not required if proper accounting procedures are followed.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by William Walker Assistant Attorney General